UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NEWSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN SHAW, et al.,<br><br>　　　　　　Defendants. | No. 2:18-cv-2010 CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has also requested appointment of counsel.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Request for Appointment of Counsel

Plaintiff has requested the appointment of counsel. (ECF No. 3.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel saying that he is uneducated in the law, has only a ninth-grade education, and is indigent. (ECF No. 3.) These circumstances are common to most prisoners and do not warrant appointment of counsel. Plaintiff also claims that he will be unable to obtain necessary evidence due to his incarceration, but discovery has yet to commence in this case, so it is not clear that plaintiff will be unable to obtain the evidence he needs since he has yet to make any such attempts. Furthermore, at this stage in the case, the court is unable to assess plaintiff's likelihood of success on the merits and plaintiff has demonstrated that he is capable of articulating his claims. For these reasons, the court does not find that exceptional circumstances exist and the request for counsel will be denied without prejudice.

## III. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

IV. Complaint

The complaint alleges that defendant doctors Shaw, Ikegbu, and Austin violated plaintiff's rights under the Eighth Amendment when they were deliberately indifferent to his serious medical needs and were negligent under state law. (ECF No. 1 at 2-25.) Specifically, he alleges that in October 2016, he began having pain in his left elbow that radiated down to his hand, and the pain was so severe that it interfered with his sleep, grip, and mobility because he was unable to use his walker. (Id. at 3.)

At the time, defendant Shaw was his primary care provider, and despite submitting numerous requests to Shaw to be seen about his pain, it took about a month from the first request until plaintiff was finally seen. (Id. at 3-5.) Shaw's only action was to tell plaintiff that he would follow up with the rheumatologist and neurologist. (Id. at 5.) Over the next year, plaintiff submitted numerous requests to be seen about the worsening pain in his elbow and appears to have been seen by Shaw on about a half dozen occasions. (Id. at 5-9.) During that time, Shaw failed to order any diagnostic tests for plaintiff's continued elbow pain and failed to provide gabapentin or a splint, which were both recommended by the neurologist. (Id.) At one point, Shaw did prescribe plaintiff capsaicin cream and later Tylenol, but it appears that neither had any effect. (Id. at 7.) About ten months after plaintiff first began complaining about his elbow pain, Shaw finally prescribed gabapentin and about a month and a half later, on October 5, 2017, he ordered an x-ray of plaintiff's elbow. (Id. at 8-9.) The x-ray revealed that plaintiff's elbow was fractured, and when he was seen by the orthopedist he was told that the delay in diagnosing the facture meant that it could not be treated in the standard way because it had nearly healed. (Id. at 9-10.)

4

1    On September 5, 2017, defendant Ikegbu was assigned to review plaintiff's healthcare

2    appeal and later interviewed him regarding his claims. (Id. at 15.) He was interviewed on

3    September 26, 2017, at which point he told Ikegbu about his extreme pain and the lack of

4    treatment he had received from Shaw over the past year. (Id.) Ikegbu had the authority and

5    ability to intervene and provide plaintiff with the necessary medical treatment, but refused to do

6    so and instead denied his appeal and told him that no intervention was necessary. (Id. at 15-18.)

7    On October 5, 2017, defendant Austin was assigned to review plaintiff's healthcare

8    appeal. (Id. at 21.) Plaintiff alleges that in reviewing his appeal Austin would have known that

9    an x-ray should have been ordered and that she could have and should have intervened to correct

10   the violations. (Id. at 21-23.)

11   Plaintiff asserts that he presented his claims against all three defendants to the Victim's

12   Compensation and Government Claims Board (id. at 14, 20, 25), and seeks compensatory and

13   punitive damages (id. at 26).

### V. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to

establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

The allegations are sufficient to state claims for relief against defendants Shaw and Ikegbu. Plaintiff sought treatment from Shaw for a year, regularly notifying him that his pain was not getting better, and was in some instances getting worse, before Shaw ordered diagnostic testing in the form of an x-ray, which revealed plaintiff's fracture. Although it appears that Shaw did refer plaintiff out to specialists and prescribe some medication on a few occasions, the allegations of the complaint show that Shaw largely ignored plaintiff's pain and failed to offer any treatment. The allegations in the complaint also show that defendant Ikegbu became aware of the lack of treatment approximately one month before plaintiff was finally ordered an x-ray, which diagnosed his fracture and resulted in him finally beginning to receive the treatment he needed. The court can infer that, as a doctor, Ikegbu would have recognized the lack of treatment plaintiff was receiving for his severe elbow pain, and her failure to intervene resulted in plaintiff suffering for an additional month. Although the allegations against Shaw and Ikegbu may ultimately be determined to be no more than a difference in opinion as to the proper treatment plaintiff should have been provided, on screening, they are sufficient to support a claim of deliberate indifference.

Plaintiff's allegations against defendant Austin, however, do not state a claim. Although plaintiff alleges that Austin, like Ikegbu, could have intervened and provided him treatment, the complaint establishes that Austin was not assigned to plaintiff's appeal until October 5, 2017, the same day his x-ray was ordered. Accordingly, by the time Austin was assigned to plaintiff's case,

he had already begun getting the treatment he required and there was nothing more for her to do. The fact that she denied his appeal does not make her liable for deliberate indifference. As the Seventh Circuit has observed,

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted). Therefore, the deliberate indifference claim against Austin should be dismissed. However, because plaintiff may be able to allege additional facts against defendant Austin, he will be given the option to amend the complaint.

### VI. State Tort Claim – Professional Negligence

California Government Code § 845.6 provides that

> [n]either a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody . . . . Nothing in this section exonerates a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice.

Professional negligence is defined as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury." Cal. Civ. Proc. Code § 340.5(2). The provider must be licensed to provide the services at issue and the services must not be "within any restriction imposed by the licensing agency or licensed hospital." Id. "The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Burgess v. Superior Court, 2 Cal. 4th 1064, 1077 (Cal. 1992) (citation and internal quotation marks omitted). To assess

whether a medical professional has potentially committed a professional negligence claim, the court looks at whether said professional deviated from their requisite duty of care. "[T]he standard for professionals is articulated in terms of exercising the knowledge, skill and care ordinarily possessed and employed by members of the profession in good standing." Flowers v. Torrance Mem'l Hosp. Med. Ctr., 8 Cal. 4th 992, 998 (Cal. 1994) (citation and internal quotation marks omitted).

For the reasons plaintiff states a claim for deliberate indifference against defendants Shaw and Ikegbu, he has also sufficiently stated a claim for professional negligence against these defendants and they will be required to respond to the claim. Similarly, his claim for professional negligence against defendant Austin fails for the same reason his claim for deliberate indifference against her fails.

VII. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Austin. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Shaw and Ikegbu on his claim that they were deliberately indifferent and negligent or he may delay serving any defendant and amend the complaint to attempt to state cognizable claims against defendant Austin.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Shaw and Ikegbu without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against defendant Austin.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named

defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII.  Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not.  Your claims against defendants Shaw and Ikegbu will require a response.

Your claims against defendant Austin do not state claims for relief because the facts show that by the time she became involved your x-ray had already been ordered and you were getting treatment for your broken elbow.  The fact that she denied your appeal, by itself, is not enough to make her liable; you must allege facts showing that she knew about an active risk to your health and ignored it.

At this point, you can either (1) proceed immediately on your claims against defendants Shaw and Ikegbu and withdraw the other claims or (2) try to amend the complaint to state claims

9

1 | against defendant Austin. If you want to go forward without amending the complaint, you will be
2 | voluntarily dismissing without prejudice your claims against defendant Austin. If you choose to
3 | amend your complaint, the amended complaint must include all of the claims you want to make,
4 | including the ones that have already been found to state a claim, because the court will not look at
5 | the claims or information in the original complaint. **Any claims not in the amended complaint**
6 | **will not be considered.** You must complete the attached notification showing what you want to
7 | do and return it to the court. Once the court receives the notice, it will issue an order telling you
8 | what you need to do next (i.e. file an amended complaint or wait for the complaint to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

4. Plaintiff's claims against defendant Austin do not state claims for which relief can be granted. He has the option to proceed immediately on his Eighth Amendment and state tort claims against defendants Shaw and Ikegbu, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendant Austin.

Dated: March 19, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:news2010.14.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NEWSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN SHAW, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2010 CKD P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment and state tort claims against defendants Shaw and Ikegbu without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendant Austin.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　Raymond Newson
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

11