UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND NEWSON,

Plaintiff,

v.

STEPHEN SHAW, et al.,

Defendants.

No. 2:18-cv-2010 CKD P

ORDER

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff moves for appointment of counsel on the grounds that he is indigent and requires the assistance of counsel in conducting discovery given the complexity of the issues. (ECF No. 28.) At this stage, the issues in the case do not appear complex.[1] Furthermore, plaintiff has so far shown himself capable of articulating his claims without assistance and the court is unable to assess his likelihood of success at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 28) is denied.

Dated: August 22, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:news2010.31.2d

---

[1] The complaint is based upon plaintiff's claims that defendants failed to treat his severe elbow pain for approximately a year, at which point an x-ray was finally ordered and it was discovered that his elbow was fractured. (ECF No. 1.)