UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND NEWSON,

Plaintiff,

v.

STEPHEN SHAW, et al.,

Defendants.

No. 2:18-cv-2010 CKD P

ORDER

Plaintiff has once again requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff moves for appointment of counsel on the grounds that he requires the assistance of counsel in conducting discovery, defending against a motion for summary judgment, and proceeding at trial given the complexity of the issues. (ECF No. 30.) He further asserts that because the case deals with medical issues he requires an expert witness, which requires that he be appointed counsel. (Id.)

The fact that plaintiff may face difficulties in conducting discovery does not make his circumstances extraordinary or the issues in this case complex. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (finding that "a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case" and that "practically all cases would involve complex legal issues" if the need for fact development was all that was needed to establish complexity). It also has not yet been determined that this case will proceed to trial, making appointment of counsel on that ground unwarranted. As for the complexity of the issues in this case, the court previously noted that, at this stage, the issues in the case do not appear complex, and plaintiff has not provided any evidence or information that would convince the court otherwise. The complaint is based upon plaintiff's claims that defendants failed to treat his severe elbow pain for approximately a year, at which point an x-ray was finally ordered and it was discovered that his elbow was fractured. (ECF No. 1.) The case therefore does not appear to present issues with the level of complexity that would warrant the appointment of counsel. Furthermore, plaintiff has yet to provide any evidence, such as medical records, that would demonstrate he has a likelihood of success on the merits. Finally, plaintiff has so far shown himself capable of articulating his claims without assistance.

Plaintiff's request for appointment of an expert witness will also be denied. Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared by the parties. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue,"

Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997).  However, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses).  The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses.  Tedder, 890 F.2d at 211 (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

In this case, it appears that plaintiff is seeking to have the court appoint an expert witness to advocate on his behalf, which is not authorized by Rule 706.  However, even if plaintiff is truly seeking a neutral expert, the court does not find that the issues in this case are complicated such that the testimony of a neutral expert would be warranted and the request is denied.  To the extent the expenses of an expert retained on behalf of a prisoner litigant may be recovered if preauthorized and arranged by counsel appointed by this court's Pro Bono Panel, as addressed above, plaintiff has not demonstrated extraordinary circumstances to warrant appointment of counsel.  The court will therefore decline to appoint counsel for the purpose of obtaining an expert witness.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel and an expert witness (ECF No. 30) is denied.

Dated:  October 10, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:news2010.31.3d